UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
DWAYNE K. WAITHE,

                Plaintiff,                      **REPORT AND RECOMMENDATION**
                                                                           15 CV 1056 (ENV)(LB)

    -against-

CAROLYN W. COLVIN,
*Acting Commissioner of Social Security*,

                Defendants.
--------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

       Plaintiff sought relief under the Social Security Act after a decision by the Commissioner of Social Security denied him Social Security Disability benefits. ECF No. 1 ("Complaint"). Plaintiff moved for judgment on the pleadings and the Court granted his motion, remanding the case to the Social Security Disability Appeals Council for further review. ECF No. 19. Plaintiff now requests that the Court grant him attorney's fees of $17,443.50 pursuant to 42 U.S.C. § 406(b).[1] I respectfully recommend that plaintiff's motion be granted.

**BACKGROUND AND PROCEDURAL HISTORY**

       Plaintiff suffers from "lumbar spine impairment, cervical spine impairment, [a] herniated disc, severe back pain, and depression." Compl. ¶ 4. On November 1, 2008, he became disabled and was unable to work. Id. Plaintiff filed an application for Social Security disability benefits, which was denied, and he sought review before an Administrative Law Judge ("ALJ"). Id. ¶¶ 6-8. The ALJ denied his application, plaintiff sought review before the Appeals Council, and the Appeals Counsel denied the request for review. Id. ¶¶ 9-11.

---

[1] This motion was previously referred to Magistrate Judge Steven Gold for a Report and Recommendation. This case has since been reassigned to me.

On March 2, 2015, plaintiff brought this action seeking judicial review of the Social Security Administration's ("SSA") decision. Id. ¶ 1. The parties both moved for judgment on the pleadings, ECF Nos. 14-17, the Court granted plaintiff's motion, and the Court remanded the case back to the Social Security Administration, ECF No. 19. Under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, the parties stipulated to the recovery of $3,800 in attorney's fees, an amount reduced to $3,631.16 when offset by an outstanding federal debt. Binder Aff. ¶ 2, ECF No. 23-2. Plaintiff and his counsel had previously signed a retainer agreement under which plaintiff agreed to pay counsel up to 25 percent of any award of past-due benefits. Id. at 3. Upon review of plaintiff's claim, a second ALJ found in his favor and granted his application for disability benefits. Id. ¶ 6. The SSA then issued a Notice of Award which stated that it was withholding $17,443.50 for the payment of attorney's fees, an amount which represents 25% of plaintiff's award of past-due benefits. Id. ¶ 14. Plaintiff now seeks to recover these attorney's fees. Id. ¶ 14; Mem. of Law 1, ECF No. 23-4.

## DISCUSSION

In pertinent part, under the Social Security Act:

> Whenever a court renders a judgment favorable to a claimant…who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment….

42 U.S.C. § 406(b)(1)(A). When a district court reverses a denial of benefits, the Court may wait until the SSA concludes its review of a case on remand before awarding attorney's fees. Sinkler v. Berryhill, 932 F.3d 83, 86 (2d Cir. 2019). Once a claimant receives notice of the SSA Commissioner's calculation of an award of past due benefits, the claimant has fourteen days to move for an award of attorney's fees. Id. at 91 (citing Rule 54(d)(2)(B)). When fees are awarded, an attorney who also received fees under the EAJA must return the smaller of either the fees

awarded under EAJA or the fees awarded under Section 406(b)(1)(A). See Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002).

Attorneys are free to enter into contingent-fee agreements with clients in Social Security benefit cases, but the Social Security Act requires the Court to conduct an independent review and ensure that the fees obtained are reasonable. Id. at 807. The burden is on the attorney to demonstrate that the fees provided for by the agreement are "reasonable for the services rendered." Id. In determining whether the requested fees are reasonable, Courts look to:

> 1) [W]hether the retainer was the result of fraud or overreaching; 2) whether the attorney was ineffective or caused unnecessary delay; 3) whether the fee would result in a windfall to the attorney in relation to the services provided and 4) the risk of loss the attorney assumed by taking the case.

Heffernan v. Astrue, 87 F. Supp. 3d 351, 354 (E.D.N.Y. 2015) (internal quotation marks omitted) (quoting Barbour v. Colvin, No. 12-CV-548(ADS), 2014 WL 7180445, at *1 (E.D.N.Y. Dec. 10, 2014)). Further, in determining if a fee award constitutes a windfall, Courts consider:

> 1) Whether the attorney's efforts were particularly successful for the plaintiff; 2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and finally, 3) whether the case was handled efficiently due to the attorney's experience in handling social security cases.

Id. at 355 (quoting Rowell v. Astrue, No. 05-CV-1592(CBA)(JMA), 2008 WL 2901602, at *1 (E.D.N.Y. July 28, 2008)). Although the lodestar method should not be used in determining a reasonable fee under Section 406(b), Courts still consider the hourly rate obtained by dividing the requested fee by the hours spent working on the case when making a reasonableness determination. Ferrara v. Comm'r Soc. Sec., No. 18-CV-22(ALC), 2020 WL 6782045, at *2 n.1 (S.D.N.Y. Nov. 18, 2020) (citing Gisbrecht, 535 U.S. at 808)). Courts in this Circuit approve fee awards which are quite substantial when compared to the time spent working on the case. See, e.g., Krupnick v. Saul, No. 13-CV-3992(DLI), 2020 WL 6161251, at *2 (E.D.N.Y. Oct. 21,

3

2020) (approving of a fee which resulted in a $825.54 hourly rate); Mills v. Berryhill, No. 15-CV-5502(DLI), 2019 WL 1507923, at *2 (E.D.N.Y. Apr. 5, 2019) (approving a fee which resulted in a $1,007.78 hourly rate); Besignano v. Berryhill, No. 12-CV-6123(DLI), 2017 WL 1319817, at *2 (E.D.N.Y. Apr. 6, 2017) (approving a fee which resulted in a $810.74 hourly rate); Blizzard v. Astrue, 496 F. Supp. 2d 320, 324 (S.D.N.Y. 2007) (approving a fee which resulted in a $705 hourly rate).

In light of the several factors for the Court to consider, plaintiff's request of $17,443.50 in the instant matter is reasonable. There is no evidence of fraud, ineffectiveness, or delay on the part of plaintiff's counsel, leaving the Court to examine only whether the award sought would constitute a windfall. Counsel spent 20.7 hours working on this matter, which translates into an hourly rate of approximately $842.68. Mem. of Law 2. Although this is a substantial hourly rate, counsel obtained a favorable result for plaintiff. The Court's decision granting plaintiff's motion for judgment on the pleadings ultimately resulted in approval of plaintiff's application for disability benefits and payment of past-due benefits. Plaintiff's counsel also has considerable expertise in the area of Social Security benefits law, with each of the three attorneys who worked on this matter having several years of practice in the area. Binder Aff. ¶¶ 8-13. The proposed award is within range of other awards in this Circuit. See Mills, 2019 WL 1507923, at *2 (collecting cases). Accordingly, the Court should approve the instant request for attorney's fees.

## CONCLUSION

Accordingly, it is respectfully recommended that plaintiff's motion for $17,443.50 in attorney's fees pursuant to 42 U.S.C. § 406(b) should be granted. Upon receipt of this sum, counsel for plaintiff shall remit $3,631.16 which represents the balance of the awarded fee under the EAJA.

**FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: March 4, 2021
       Brooklyn, New York